986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Ronald Craig HORR, Appellant.
 No. 92-2236.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 17, 1993.
Filed: February 25, 1993.
 
 Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald Craig Horr appeals the fifty-one-month and sixty-month consecutive sentences imposed on him by the District Court[1] following his guilty pleas to armed robbery and use of a firearm during a robbery, in violation of 18 U.S.C. §§ 924(c)(1), 2113(a), (d) (1988). We affirm.
 
 
 2
 On February 1, 1990, Horr was charged in the Eastern District of Missouri with bank robbery and with the use of a firearm during the robbery. During the pendency of those charges, he was sent to the Federal Medical Center (FMC) in Rochester, Minnesota, for a psychiatric examination. On May 24, 1990, while in custody at FMC, Horr attempted to escape. He was then charged with escape-related offenses in federal district court in Minnesota. In February 1991 (prior to disposition of the escape-related charges), the parties appeared in the District Court in Missouri for trial on the robbery and firearms charges. At that time, however, the government moved to dismiss the indictment without prejudice on the basis that a material witness was unavailable. Horr's attorney objected, arguing that the dismissal and likely transfer of Horr to Minnesota for disposition of the escape-related charges would probably result in an artificially enhanced punishment on the robbery and firearm charges if the government later reindicted him in the District Court in Missouri. The court overruled Horr's objection and dismissed the indictment without prejudice.
 
 
 3
 Horr was then transferred back to Minnesota. He went to trial on the escape-related charges and was convicted on June 6, 1991. Because he had no prior convictions that would enhance his sentence, he was given a criminal history category of I. With an offense level of 25 and a criminal history category of I, the guidelines range was fifty-seven to seventy-one months. He was sentenced to concurrent terms of fifty-seven months. On July 11, 1991, the government reindicted Horr in Missouri on the robbery and firearm charges. Horr pleaded guilty to the charges. In regard to the robbery offense, the presentence report set his criminal history category at II based on his prior conviction on the escape-related charges in Minnesota. With an offense level of 21 and a criminal history category of II, the guidelines range was forty-one to fifty-one months. Horr was subject to a consecutive mandatory minimum sentence of sixty months for the firearm offense under 18 U.S.C. § 924(c)(1). At his sentencing hearing, Horr objected to the imposition of a criminal history category of II based on his prior conviction, but the District Court overruled his objection. The court sentenced Horr to consecutive prison terms of fifty-one months for the robbery offense and sixty months for the firearm offense. The court ordered the sentences to run consecutively to the fifty-seven-month sentence Horr was then serving for the escape-related offenses.
 
 
 4
 Horr argues on appeal that his due process rights were violated by the enhancement of his criminal history category based on his conviction in the federal district court in Minnesota. Horr concedes that the government did not "engineer" the dismissal of the first indictment to obtain an enhanced sentence upon reindictment, but he argues that the enhancement of his sentence for reasons beyond his control was fundamentally unfair.
 
 
 5
 A defendant may appeal from the sentence imposed by the District Court if it was imposed as a result of an incorrect application of the Guidelines or if it violated his due process rights. 18 U.S.C. § 3742(a) (1988). We conclude that Horr's criminal history category was properly determined under the Guidelines and that the District Court did not violate his due process rights in imposing his sentence.
 
 
 6
 Under the guidelines, three criminal history points (resulting in a criminal history category of II) are imposed for "each prior sentence of imprisonment exceeding one year and one month." United States Sentencing Commission, Guidelines Manual, § 4A1.1(a) (Nov. 1991). A "prior sentence" is "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." Id. § 4A1.2(a)(1). The commentary to section 4A1.2 states that "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." Id. § 4A1.2, comment. (n.1). Horr's sentence for his attempted escape from FMC exceeded one year and one month, and it was imposed after Horr committed the robbery offenses but before sentencing on the robbery offenses. Horr does not argue that his attempt to escape was part of the robbery offenses.
 
 
 7
 Although Horr raises a due process claim by challenging the government's actions in obtaining a dismissal without prejudice of the original indictment against him and in then reindicting him, see United States v. Meyer, 906 F.2d 1247, 1251 (8th Cir. 1990) (per curiam), his claim fails because he has not shown that the government's actions were improperly motivated and that they resulted in actual prejudice. See id. Horr was actually convicted of the robbery offenses and of the escape-related offenses, and he failed to show that he would have received a shorter period of incarceration overall if the original robbery indictment had not been dismissed. Also, Horr failed to show that the government's conduct was improperly motivated. He concedes that the government did not "engineer" the dismissal of the original indictment in an attempt to artificially enhance any sentence he would receive if he were convicted after reindictment.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri